# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs May 24, 2011

## MILBURN L. EDWARDS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Wayne County**
**No. 14910      Stella Hargrove, Judge**

---

**No.  M2010-02001-CCA-R3-HC - Filed August 5, 2011**

---

Petitioner, Milburn L. Edwards, was convicted by a Davidson county jury of multiple counts of rape, first degree burglary, aggravated burglary, and one count each of second degree burglary, aggravated rape, assault with intent to commit rape, and robbery. *State v. Edwards*, 868 S.W.2d 682, 685 (Tenn. Crim. App. 1993)  The trial court sentenced Petitioner to an effective sentence of life plus 415 years.  *Id.*  On appeal, this Court affirmed Petitioner's convictions and modified his sentence to an effective sentence of life plus seventy-five years and an additional effective sentence of 120 years.  *Id.* at 705.  Subsequently, Petitioner unsuccessfully filed a petition for post-conviction relief and three petitions of writ of habeas corpus relief. *See Milburn L. Edwards v. Cherry Lindamood*, No. M2009-01132-CCA-MR3-HC, 2010 WL 2134156 (Tenn. Crim. App., at Nashville, May 27, 2010); *Milburn L. Edwards v. Cherry Lindamood*, No. M2006-01092-CCA-R3-HC, 2007 WL 152233 (Tenn. Crim. App., at Nashville, Jan. 17, 2007), *perm. app. denied*, (Tenn. Apr. 16, 2007) (affirming the habeas corpus court's dismissal of the petition for writ of habeas corpus); *Milburn L. Edwards v. State*, No. M2004-01378-CCA-R3-HC, 2005 WL 544714 (Tenn. Crim. App., at Nashville, Mar. 7, 2005), *perm. app. denied*, (Tenn. Aug. 29, 2005) (affirming the habeas corpus court's dismissal of the petition for writ of habeas corpus); *Milburn L. Edwards v. State*, No. M2002-02124-CCA-R3-PC, 2003 WL 23014683 (Tenn. Crim. App., at Nashville, Dec. 15, 2003) (affirming the post-conviction court's denial of the petition for post-conviction relief).  The subject of this appeal is Petitioner's fourth petition for writ of habeas corpus in which he argues that the habeas corpus court erred in summarily dismissing his petition based on the State's argument that the issue of whether Petitioner was properly sentenced under the 1982 Sentencing Act as opposed to the 1989 Sentencing Act was previously determined.  Because we have concluded that this issue was previously determined on direct appeal, we affirm the habeas corpus court's dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and D. KELLY THOMAS, JR., JJ., JOINED.

Milburn L. Edwards, Pro Se, Clifton, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter, Lacy Wilbur, Assistant Attorney General; and Mike Bottoms, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual Background*

A Davidson County Jury convicted Petitioner of twenty-one counts of rape, two counts of first degree burglary, two counts of aggravated burglary, and one count of each of the following offenses: second degree burglary, aggravated rape, assault with intent to commit rape, and robbery. *Edwards*, 868 S.W.2d at 685. The trial court sentenced Appellant on December 13, 1991, under the 1982 Sentencing Act. Appellant was sentenced to an effective sentence of life plus 415 years. *Id.*

On appeal to this Court, one of the issues Appellant presented was that the trial court improperly sentenced him under the 1982 Sentencing Act. *Id.* at 687. After extensive analysis, this Court held that the trial court properly sentenced Appellant under the 1982 Sentencing Act. *Id.* at 701. Appellant's convictions were affirmed and his sentences were modified to an effective sentence of life plus seventy-five years and an additional effective sentence of 120 years. *Id.* at 705.

Petitioner subsequently filed an unsuccessful petition for post-conviction relief. This Court affirmed the denial of the petition on appeal. *Milburn L. Edwards*, 2003 WL 23014683, at * 1.

Petitioner filed a petition for writ of habeas corpus on March 4, 2004. *Milburn L. Edwards*, 2005 WL 544714, at * 1. The habeas corpus court summarily dismissed the petition. *Id.* Petitioner presented several issues. One of the issues presented was "that the trial court was without jurisdiction to sentence [Petitioner] under the 1982 Sentencing Act on counts 1 through 8 and 10 . . . ." This Court stated that this issue had been previously determined on direct appeal and was without merit. *Id.* at *2.

Petitioner filed a second petition for writ of habeas corpus relief with the sole issue that the district attorney failed to endorse the indictments and therefore, his convictions are

void. *Milburn L. Edwards*, 2007 WL 152233, at *1. The habeas corpus court summarily dismissed the petition. *Id.* This Court affirmed the dismissal. *Id.* at *2.

Petitioner filed a third petition for habeas corpus relief on March 15, 2008. *Milburn L. Edwards*, 2010 WL 2134156, at *1. The habeas corpus court summarily dismissed the petition. *Id.* Once again, Petitioner raised the issue that the trial court should not have sentenced him under the 1982 Sentencing Act. This Court held that the issue had been addressed on direct appeal and had also been addressed in Petitioner's first petition for habeas corpus. Therefore, the Court held that the argument was without merit. *Id.* at *2.

In the case at hand, on June 25, 2010, Petitioner filed a fourth petition for habeas corpus relief. Petitioner once again attacked his convictions based upon his allegation that he was impermissibly sentenced under the 1982 Sentencing Act when he should have been sentenced under the 1989 Sentencing Act. The habeas corpus court summarily dismissed the petition. Petitioner filed a timely notice of appeal.

## ANALYSIS

On appeal, Petitioner argues that the habeas corpus court erred in dismissing the petition for writ of habeas corpus. The State argues that the petition was properly dismissed. The determination of whether to grant habeas corpus relief is a question of law. *See Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). As such, we will review the habeas corpus court's findings de novo without a presumption of correctness. *Id.* Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *See Taylor*, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting *Taylor*, 955 S.W.2d at 83).

However, if after a review of the habeas petitioner's filings the habeas corpus court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. T .C.A. § 29–21–109; *State ex rel. Byrd v. Bomar*, 381 S.W.2d 280, 283 (Tenn. 1964). Further, a habeas corpus court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Summers v. State*, 212 S.W.3d 251, 260 (Tenn. 2007); *Hickman*, 153 S.W.3d at 19–20; *Archer*, 851 S.W.2d at 165. For the benefit of individuals such as the petitioner, our legislature has explicitly laid out the formal requirements for a petition for a writ of habeas corpus at Tennessee Code Annotated section 29–21–107:

(a) Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.

(b) The petition shall state:

(1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is the first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

A habeas corpus court "properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." *Summers*, 212 S.W.3d at 260; *see also Hickman*, 153 S.W.3d at 21.

In *Milburn L. Edwards v. Cherry Lindamood*, No. M2009-01132-CCA-MR3-HC, 2010 WL 2134156 (Tenn. Crim. App., at Nashville, May 27, 2010) this Court stated the following:

The Petitioner contends that he should have been sentenced pursuant to the 1989 Sentencing Act instead of the 1982 Sentencing Act for several of his convictions. The Petitioner believes that he would have received a lesser sentence for these convictions under the 1989 Sentencing Act. The State responds that this issue has been addressed on direct appeal. We agree with the State.

This issue was fully litigated on direct appeal and was again addressed in the Petitioner's first petition for a writ of habeas corpus. On direct appeal, this court noted that the trial court was correct in sentencing the Petitioner in accordance with the 1982 Sentencing Act because he would have been classified as a career offender and received a greater sentence under the 1989 Sentencing Act. *Edwards*, 868 S.W.2d at 701-02. Following the denial of the Petitioner's first petition for a writ of habeas corpus, this court noted that this issue was "fully addressed by this court on direct appeal." *Edwards*, 2005 WL 544714, at *2. Habeas corpus "proceedings may not be employed to raise and relitigate or review questions decided and disposed of in a direct appeal from a conviction." *Gant v. State*, 507 S.W.2d 133, 137 (Tenn. Crim. App. 1973) (citations omitted). Accordingly, we conclude that the Petitioner's argument is without merit and that this issue has already been fully litigated.

*Milburn L. Edwards*, 2010 WL 2134156, at *2.

Clearly, this issue has been addressed both on direct appeal and on appeal in one of Petitioner's previous petitions. The Tennessee Supreme Court has held that pursuant to the law of the case doctrine an appellate court may not consider issues that have been previously determined on appeal:

[U]nder the law of the case doctrine, an appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal. The doctrine applies to issues that were actually before the appellate court in the first appeal and to issues that were necessarily decided by implication. The doctrine does not apply to dicta.

*Memphis Publ'g Co. v. Tenn. Petroleum Underground Storage Tank Bd.*, 975 S.W.2d 303, 306 (Tenn. 1998) (internal citations omitted); *see also Creech v. Addington*, 281 S.W.3d 363, 383 (Tenn. 2009). Therefore, we also conclude that this Court has previously determined this issue. Petitioner has not shown that his judgment is void or that his sentence has expired. Accordingly, Petitioner is not entitled to relief on this issue.

## CONCLUSION

For the foregoing reasons, the judgment of the habeas corpus court is affirmed.


_____
JERRY L. SMITH, JUDGE